# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 20, 2012

Lyle W. Cayce
Clerk

No. 11-10533
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

DAMON CURTIS WEISS,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-204-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Damon Curtis Weiss appeals the 60-month sentence imposed following his guilty-plea conviction for possession of stolen mail. The district court upwardly departed to impose the statutory maximum sentence. Weiss contends that the district court erred in calculating the intended loss under the advisory guidelines. In particular, he asserts that the district court erred by using the average value of the negotiated and prepared checks in assigning a value to the blank checks that he possessed. Weiss contends that this inflated the intended

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

loss estimate and that the district court should have used the median value of the prepared and negotiated checks, which would have provided a more reasonable estimate of the intended loss and would have lowered his offense level under the Sentencing Guidelines.

Although the Government asserts that plain error review applies, Weiss argued before the district court that averaging the checks resulted in an overestimation of the amount of the loss due to the large size of several checks. This argument was sufficient to preserve the issue of the procedural reasonableness of the sentence imposed. The district court's method of calculating loss under the Guidelines is a question of law that is reviewed de novo. *United States v. Lige*, 635 F.3d 668, 671 (5th Cir. 2011). When reviewing a district court's loss calculations, this court must determine "whether the sentencing court applied an acceptable method of calculating the amount of loss, which must bear a reasonable relation to the actual harm of the offense." *United States v. Jones*, 475 F.3d 701, 705 (5th Cir. 2007). "The district court receives wide latitude to determine the amount of loss and should make a reasonable estimate based on available information." *Id.*; *see* U.S. SENTENCING GUIDELINES MANUAL § 2B1.1 cmt. n.3(C) (2010). We have previously approved the use of averages in estimating intended loss. *See United States v. Chappell*, 6 F.3d 1095, 1101 (5th Cir. 1993). Weiss has not shown that the district court erred in the methodology used to calculate the intended loss. *See id.* Accordingly, the judgment of the district court is AFFIRMED.